UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JIMMY ANFIELD,

Movant,

v.  608CV069
    [605CR018]

UNITED STATES OF AMERICA,

Respondent.

## ORDER

Before the Court is 28 U.S.C. § 2255 movant Jimmy Anfield's Notice of Appeal, which this Court construes as an implied motion for a Certificate of Appealability ("COA") and for *in forma pauperis* ("IFP") status on appeal. Doc. # 10; *see Edwards v. U.S.*, 114 F.3d 1083, 1084 (11th Cir. 1997) (appeal notice is treated as implied COA application). This Court dismissed Anfield's § 2255 motion upon recommendation by the Magistrate Judge, who rejected two of Anfield's ineffective assistance of counsel claims as unsupported by the record, a third ineffective assistance of counsel claim as waived by his decision to plead guilty, and a claim that the sentencing judge made a racial comment warranting his recusal as procedurally defaulted and as otherwise not providing grounds for relief. Doc. ## 6 (Report & Recommendation), 8 (Adoption Order).[1]

To obtain a COA, a § 2255 movant "must make a substantial showing of the denial of a constitutional right, a demonstration that ... includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (quotes and cites omitted). "When the district court denies a habeas petition on *procedural* grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (emphasis added). To qualify for IFP status, the movant must show "that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).

Anfield has not presented any argument regarding *how* this Court erred in denying his claims. The Court nonetheless will review the grounds upon which the claims were denied. Anfield's ineffective assistance of counsel ("IAC") claims were denied on the merits and not for procedural reasons. His first two IAC claims were dismissed as unsupported – and arguably even directly refuted – by the record. Doc. # 6 at 9-13. The Court finds that the denials of those claims do not provide grounds for a COA. The third IAC claim – that counsel failed to undertake pre-plea investigation and otherwise prepare Anfield's case for trial – was denied because the corresponding allegations were conclusory and not supported by any specific evidence or affidavits, and also because, by pleading guilty, Anfield waived any such claims. *Id.* at 13-16. The Court finds that this claim

---

[1] Anfield did not file any objections to the Magistrate Judge's Report & Recommendation.

was denied on ample, solid grounds, and likewise does not warrant a COA.

The Court denied Anfield's final claim – that the sentencing judge made a racial comment and therefore should have recused himself – on two alternative grounds. First, the claim was procedurally defaulted and Anfield had not shown cause and prejudice to overcome the default. *Id.* at 17. Additionally, the Court found that the comment made – regarding Anfield's sexual recklessness – was not racial in nature. *Id.* at 17-18. The Court sees no reason to grant a COA on this claim, as the procedural grounds (failure to raise the claim on direct appeal) and the merits-based grounds upon which it was denied are not subject to reasonable debate.

For the foregoing reasons, Anfield's implied COA/IFP motion is ***DENIED***. Doc. # 10.

This day of 29 April 2010.

*[signature]*

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA